**FOSTMEIER CONSTRUCTION COMPANY, a corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 51483.**

United States District Court, N. D. California. April 13, 1971.

Williams, Van Hoesen & Brigham, San Francisco, Cal., David Van Hoesen, San Francisco, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., Gary Shelton, Asst. U. S. Atty., for defendant.

## MEMORANDUM OPINION AND ORDER DIRECTING JUDGMENT FOR DEFENDANT

WOLLENBERG, District Judge.

Plaintiff sues under 26 U.S.C. § 7426(a) (1), which provides in relevant part that "if a levy has been made on property * * * any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States. * * * "

Plaintiff contracted to do certain work for the Sebastopol Union School District. He sub-contracted certain parts of this work to F. G. Millerick ("Taxpayer") who himself had various sub-contractors. The contract between Plaintiff and Taxpayer provided that as Taxpayer completed portions of his work, he was to receive progress payments in the amount of 90% of the work which the architect's estimate showed had been done during the relevant period. On four occasions the Internal Revenue Service served Notices of Levy against progress payments, assertedly due under the contract, but not yet paid. Dates of levy were January 18, 1968; January 24, 1968; April 30, 1968; and June 11, 1968. Plaintiff paid the amounts specified in the Notices, but now sues to recover said payments on the grounds that the progress payments were not in fact due and payable to Taxpayer, and therefore subject to the lien created by 26 U.S.C. § 6321.

Defendant initially argues that the United States has consented to be sued only where it can be shown that the levy was "wrongful", i. e. that the property taken did not "belong" to the taxpayer. This argument, ostensibly jurisdictional, is actually one whose resolution depends on the Court's decision as to the merits of the case. If the progress payments were not "property possessed" by Taxpayer or an "obligation existing" in his

favor as of the date of levy, the levy was wrongful, and there is jurisdiction in this Court to right that wrong. If the payments had assumed the status of debts payable to the Taxpayer, the levy was proper, and the jurisdictional point is a make-weight which the Court need not consider.

■ The levies of January 18 and 24, 1968, were proper. The work had been done, the architect's certificate issued, and only one relatively small bill from a sub-sub-contractor remained unpaid. The levies and the bill were clearly capable of satisfaction from the progress payments due.

Plaintiff's essential argument as to all the levies is that the contract with Taxpayer did not make progress payments due until (1) the owner, the Sebastopol Union School District, had itself made payments due plaintiff; and (2) Taxpayer had himself paid amounts due persons sub-contracted to him. Plaintiff indicates that the Notices of Levy were issued without the above two conditions being satisfied.

Plaintiff ignores the clear intent of the contract:

"Subcontractor agrees to pay in full for all labor, materials, equipment [etc.] used in, upon, or for the work called for in this Agreement. [Plaintiff] may, as a condition precedent to any payment hereunder, require [taxpayer] to submit satisfactory evidence of payments * * * of any and all claims of persons * * * performing work under this Agreement for the [Taxpayer]. Such evidence * * * must be submitted covering all such claims as a condition precedent to the final payment. If [Taxpayer] fails to pay any such claims, [Plaintiff] may pay the same and deduct the amount thereof from any amount payable to [Taxpayer] * * *. If [Plaintiff] shall at any time determine that [Taxpayer's] financial condition has become unsatisfactory, [Taxpayer] shall, within

three days after receipt * * * of written notice to do so, furnish such security as [Plaintiff] may require.

"[Plaintiff] will receive progress payments from the OWNER under the General Contract. Within ten days after [Plaintiff] receives any such payment, it will pay to the [Taxpayer] an amount equal to 90% of the amount which * * * Architect's estimate shows has been earned * * *."

The contractual provisions are most reasonably interpreted as devices to prevent Plaintiff from bearing the losses occasioned by unexpected defaults, either by the Owner, or by Subcontractors. In neither of the envisaged cases of default it is said that the sums involved would be considered *unearned* by the sub-contractor. Rather, in the case of moneys due sub-sub-contractors, it is provided that there should be a set-off for said amounts *if* the Plaintiff chooses to pay them himself. And in the case of the defaulting Owner, the Contract provides for a distribution of the losses occasioned thereby among all relevant parties.

■ In the instant case, there was never any default by the Owner, and so the provision cited above did no more than set the date for payment of a debt already due Taxpayer who had no further duties to perform under the Contract in order to have a clear right to the progress payments thereunder. See *United States v. Barker*, D.C., 309 F. Supp. 1369 (1970).

The clauses concerning unpaid sub-sub-contractors are more troublesome, because ultimately Plaintiff herein was forced to pay certain obligations incurred by Taxpayer. Plaintiff was thus left in a situation which the Contract was specifically designed to prevent. The Court can only note that the right to set-off invoked by Plaintiff could accrue only *after* the sub-sub-contractors had billed the Taxpayer for services rendered, and Taxpayer had failed to pay such bills, and Plaintiff had paid them

on his own. The evidence shows no unpaid billings as of the date of the second two levies, much less any indication that Plaintiff had been forced to pay the sub-sub-contractors. On the contrary, it does not appear that Plaintiff at any time during the relevant period either demanded satisfactory evidence of payment by Taxpayer of sub-sub-contractors, or asked him to post appropriate security, though the Contract gave him the right to do both, and though the initial levy by defendant certainly put him on notice that Taxpayer's financial situation might have become "unsatisfactory".

In short, whatever rights to set-off were possessed by Plaintiff, they did not accrue until after the perfection of the federal tax liens herein.

Accordingly, it is hereby ordered that Plaintiff take nothing by his action herein, and that the Clerk of the Court be directed to enter judgment for defendant forthwith.

The foregoing shall constitute findings of fact and conclusions of law under Rule 52(a) of the Federal Rules of Civil Procedure.